UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TROY ANTHONY WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:09-cv-1311-JMS-TAB |
| ) | |
| ALAN FINNAN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Troy Wright was convicted after trial by jury in an Indiana state court of the murder of Toby Combs, *Wright v. State,* 49A03-505-CR-204 (Ind.Ct.App. 2006)(*Wright I*), and now seeks a writ of habeas corpus based on his claim that he was denied the effective assistance of counsel. Having considered the pleadings and the expanded record the court concludes that Wright's petition for a writ of habeas corpus must be **denied.**

**Discussion**

**A.  The AEDPA**

Wright seeks relief pursuant to 28 U.S.C. § 2254(a). In the exercise of its habeas jurisdiction, a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." *Id.*

>   When a habeas petitioner's claim was "adjudicated on the merits in State court proceedings," section 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a federal court may grant a writ of habeas corpus only if: (1) the state court's adjudication of the claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court of the United States, 28 U.S.C. § 2254(d)(1), or (2) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

*Cheeks v. Gaetz,*, 571 F.3d 680, 684 (7th Cir. 2009). "Clearly established federal law" means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003).

>   !   As relevant here, a state court's decision is "contrary to" federal law if it is "substantially different" from or "opposite to" relevant Supreme Court precedent. *Williams v. Taylor,* 529 U.S. 362, 405 (2000); *Sutherland v. Gaetz,* 581 F.3d 614, 616 (7th Cir. 2009).

>   !   Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Williams,* 529 U.S. at 407; *see also Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "A decision is not objectively unreasonable unless it falls well outside the boundaries of permissible differences of opinion." *Leiser v. Thurmer*, 2010 WL 828494, *2 (7th Cir. 2010) (internal quotation marks omitted).

"Under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010); *see also Leiser,* 2010 WL 828494 at *5 ("Because the Wisconsin court reviewed the merits of this claim directly, we may review the Wisconsin court's decision rather than conduct our own ineffective-assistance analysis.") (citing *Sturgeon v. Chandler,* 552 F.3d 604, 611-12 (7th Cir. 2009)).

### B. The Right to Counsel

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel–that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009). The governing Supreme Court case for resolving an ineffective assistance claim is *Strickland v. Washington,* 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland,* the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

When the AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted). The Seventh Circuit Court of Appeals has expressed the operation of AEDPA deference in these terms:

> The bar for establishing that a state court's application of the *Strickland* standard was "unreasonable" is a high one: we have stated on prior occasion that "'*only a clear error* in applying *Strickland* would support a writ of habeas corpus,'" *Dixon v. Snyder*, 266 F.3d 693, 700-01 (7th Cir. 2001) (quoting *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997)), because "*Strickland* calls for inquiry into degrees," thereby "add[ing] a layer of respect for a state court's application of the legal standard." *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001) (emphasis added). Accordingly, this Court *is obligated to affirm the district court's decision to deny the writ, so long as the Wisconsin Court of Appeals* "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000) (emphasis added).

*Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003).

Where it is expedient to do so, a court may resolve an ineffective assistance claim solely on the prejudice prong; in other words, where the petitioner cannot establish prejudice, there is no need to "grade counsel's performance." *Strickland,* 466 U.S. at 697; *see also Watson v. Anglin,* 560 F.3d 687, 689-90 (7th Cir. 2009).

### C. Analysis

As stated by the Indiana Court of Appeals in Wright's direct appeal, the facts are as follows:

> In the afternoon of October 2, 2003, Toby Combs (Combs) and his Uncle Chris Fenderson (Fenderson) were selling compact discs (CD's) at a CITGO gas station (CITGO) located on the corner of Clark Road and 15th Avenue in Gary, Indiana. During this time, Martin Dix (Dix), with Wright as his passenger, parked his car on the street in front of the CITGO. As Wright got out of Dix's car, Combs walked across the street from the CITGO and entered a liquor store. After purchasing liquor, Combs was confronted by Wright at the doorway of the liquor store. Wright shot Combs approximately six times, then ran to Dix's car and they drove away. As a result of the shooting, Combs died at the scene. Fenderson witnessed the shooting, and notified a police officer driving by that the shooter drove away in a grey Monte Carlo. Shortly thereafter, Wright was apprehended.

*Wright I,* at pp. 2-3.[1]

Following the conclusion of his direct appeal, Wright sought petition for post-conviction relief. The trial court denied that petition and Wright appealed, arguing that his trial counsel was ineffective for failing to present the testimony of Benita Thornton to support his claim of self-defense and failing to further explore a claim of juror misconduct. Wright also claimed that he was denied a fair post-conviction hearing based upon the performance of his counsel. The denial of petition for post-conviction relief was affirmed on appeal in *Wright v. State,* 45A04-0812-PC-745 (Ind.Ct.App. June 30, 2009)(*Wright II*).

The Indiana Court of Appeals correctly recognized the *Strickland* standard, noting each of its two prongs. *Id.*, at p. 5. The analysis followed:

> !   As to the first asserted deficiency, the Indiana Court of Appeals found that Wright failed to provide a copy of the trial transcript. The Indiana Court of Appeals was thus unable to evaluate any prejudice allegedly suffered by Wright. *Wright II,* at p.7. This was a procedural default by Wright and he has not shown cause for and prejudice from his default or that failure to consider this claim "would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Even if the court reached a different

---

[1] Findings of fact made by the state courts are presumed correct and are rebutted only by clear and convincing evidence. *Foster v. Schomig,* 223 F.3d 626, 631 (7th Cir. 2000) (applying 28 U.S.C. § 2254(e)(1)). Wright has not shown by clear and convincing evidence, nor by any evidence at all, that the various recitations of evidence or factual findings by the Indiana state courts are not correct. Those findings of fact are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Wright under § 2254(d)(2) with respect to any of the claims in this case. This means that the state courts' findings of fact are impervious to challenge in this case.

conclusion with respect to the question of procedural default, Wright would not prevail as to this habeas claim. See *Garth v. Davis,* 470 F.3d 702 (7th Cir. 2006); *Timberlake v. Davis,* 409 F.3d 819, 821 (7th Cir. 2004) (federal habeas court examined state court's alternative ruling on the merits after determining that state's finding of procedural default was not an "independent and adequate state ground" that blocked federal collateral review). The Indiana Court of Appeals found that trial counsel interviewed Thornton several times, including as late as the day before trial. As the trial court had observed, there was no indication that Thornton overheard Combs say he would kill Wright; even if she did, the statement was made approximately eight years before Combs was shot and such a threat, if made, could not reasonably support a claim of self-defense. Thus, the Indiana Court of Appeals found that trial counsel made a reasonable strategic decision not to call Thornton. *Wright II,* at p.7.

! As to the second asserted deficiency, the Indiana Court of Appeals examined a list of complaints given to Wright's trial counsel by an alternate juror following the trial. The post-conviction court had found that none of the complaints lodged by the alternate juror fell within the area of inquiry allowed under the Indiana evidence rules. Accordingly, but having independently examined the alternate juror's list of complaints, the Indiana Court of Appeals found "nothing" that rendered trial counsel's decision not to further pursue the matter to have been deficient or to have fallen outside the objective standard of reasonableness. *Id.*, at p. 9.

As the foregoing shows, the Indiana Court of Appeals in *Wright II* "took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," Wright's claim of ineffective assistance of counsel at trial does not support the award of habeas corpus relief. *Murrell,* 332 F.3d at 1111 (citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

### D. Conclusion

Wright's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[2]

---

[2] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).

This court has carefully reviewed the state record in light of Wright's claim and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Wright to relief in this case. Wright's petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Wright has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  06/21/2010

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana